IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK L. KING,** ) | |
| Plaintiff, ) | Civil Action No. 09-175 Erie |
| ) | |
| v. ) | |
| ) | District Judge Sean J. McLaughlin |
| **JEFFREY BEARD, et al.,** ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Defendants' motion to dismiss [ECF No. 31], as supplemented [ECF No. 42], be granted in part and denied in part. It is further recommended that the Clerk of Courts be directed to terminate Defendant Jeffrey A. Beard from this action.

A Case Management Order will be issued separately.

## II. REPORT

### A. Relevant History

Plaintiff Derrick L. King is an inmate at the State Correctional Institution Forest ("SCI-Forest"), located in Marienville, Pennsylvania. In July 2009, he submitted for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1, 7.] The Court ordered him to file an amended complaint explaining the factual basis upon which he was bringing his claims because the original complaint did not explain what each defendant did. Thereafter, Plaintiff filed an amended complaint in which he complains about two incidents, one on January 18, 2009, and the other on January 26, 2009 [ECF No. 8], and which he supplemented on April 5, 2010 [ECF No. 41]. As Defendants to this action, Plaintiff has named: Jeffery A. Beard, Secretary of the Department of Corrections; Michael C. Barone, Superintendent of SCI-Forest; Captain Repko; Officer Coleman; Officer Henretty; Officer Benson; R.N. Bell; Lt. Samson; Lt. Taylor; Officer

1

Snyder; Sergeant Murin; Officer Gliar; Officer Wentez; Sergeant McKnight; Lt. Smith; Nurse Williams; and Nurse Douglas.

Plaintiff claims that on January 18, 2009, he was housed in a psychiatric observation cell and pursuant to Department of Corrections' policy was allowed only a bagged meal. Defendant Coleman served him a bagged meal, but it was wet and so Plaintiff asked for another one. Defendant Coleman refused to replace the meal, took back the meal he had served to Plaintiff, and verbally harassed Plaintiff in the process. [ECF No. 8, ¶¶ 1-9. See also ECF No. 41 ¶¶ 1-3.] Later that same day, during the second shift, Defendant Henretty served Plaintiff another wet bagged meal. When Plaintiff asked why he was given a wet meal, Henretty replied that Plaintiff knew why "f*** boy." [Id., ¶ 11. ECF No. 41, ¶ 7.] Defendants Henretty, Benson, Bell, Samson, and Williams then laughed at Plaintiff and verbally taunted him over the intercom while making racial slurs. [Id., ¶¶ 10-13; ECF No. 41, ¶ 9.]

Next, Defendants Taylor and Repko approached Plaintiff's cell with seven guards dressed in riot gear, cuffed Plaintiff and put him in the restraint chair. [Id., ¶¶ 14-16. ECF No. 41 at 4.] Defendant Taylor told Plaintiff that he was going to be placed into the restraint chair because he had broken the sprinkler head and threw urine and feces on officers. [ECF No. 41 at 4.] Plaintiff denied Defendant Taylor's accusations, to no avail. [Id.] He alleges that Defendant Williams directed Defendants Gliar and Murin to pull the restraint straps as tight as possible, and as a result he had difficultly breathing and seeing and he also urinated and defecated on himself. Plaintiff claims that the Defendants acted with the sole purpose of inflicting pain upon him and that they ignored his pleas for relief. [Id., ¶¶ 17-18; ECF No. 41 at 4.] He "cried out in pain for help until [he] completely passed out inside [the] cell[.]" [ECF No. 41 at 4.] Plaintiff alleges that after he spent four hours in the restraint chair, Defendant Murin came into his cell and held a razor to his neck and told him not to move. [ECF No. 8, ¶¶ 19-23.] Then, after two more hours, Plaintiff was removed from the chair and left in a cell that was flooded and contained no mattress. [Id., ¶¶ 23-24.]

Plaintiff further alleges that on January 26, 2009, Defendant Murin approached his cell and stated: "we'll see how tough you are in the chair a**hole." [Id., ¶ 27.] Later that day,

Defendant Taylor arrived with officers dressed in riot gear and they placed Plaintiff into the restraint chair for no reason whatsoever. Plaintiff claims that he was not permitted to use the restroom prior to being placed in the chair; that the straps once again were tightened so as to inflict pain; that his pleas for help were ignored; that he fainted as a result of the over-restraint; that the nurse on the scene, Defendant Williams, did not check his vital signs; that he was not permitted exercise until four hours later; and, that he was denied water while in the chair. [Id., ¶¶ 28-41.]

Plaintiff alleges that Defendant Coleman retaliated against him for making complaints about his treatment by issuing Misconduct No. A639087. [ECF No. 41, ¶¶ 4-6.] He further alleges that Defendant Henretty retaliated against him by issuing two more misconducts as "punishment for trying to receive my rights to my daily nourishments without any mutilating and destructions of my food[.]" [ECF No. 41, ¶¶ 7-10, 19.]

Defendants waived service of the amended complaint and in response filed the pending motion to dismiss. [ECF No. 31]. Plaintiff was ordered to respond to Defendants' motion or file an amended complaint. [ECF No. 33.] On April 5, 2010, Plaintiff filed what he has entitled an "Amended Complaint," which is lodged on the Court's docket as ECF No. 41. In that filing, he supplements the claims he made regarding being placed in the restraint chair on January 18, 2009, and being deprived of adequate food. He also appears to be raising a new claim that he was unlawfully retaliated against for complaining about his conditions of confinement. Plaintiff does not reference the incident that occurred on January 26, 2009. In response to the document filed at ECF No. 41, Defendants filed a supplemental motion to dismiss. [ECF No. 42].

Although the Federal Rules of Civil Procedure contemplate that an amended complaint supercedes an earlier-filed complaint, in this case it appears that Plaintiff intended the document filed at ECF No. 41 to supplement the claims he makes in the amended complaint filed at ECF No. 8, and also to add an additional retaliation claim. Under Haines v. Kerner, 404 U.S. 519 (1972) (discussed *infra*) and its progeny, the Court shall read the documents filed at ECF No. 8 and ECF No. 41 liberally because Plaintiff is proceeding *pro se*, and shall read those documents together as setting forth Plaintiff's claims. Accordingly, the Court shall direct the Clerk to file

3

the document at ECF No. 41 as a supplement to the amended complaint at ECF No. 8. Construing the allegations Plaintiff makes in those two documents together, it appears that he is making the following claims:

| | |
|---|---|
| Claim 1 | Defendants subjected him to excessive force and were deliberately indifferent to his well-being by placing him in the restraint chair on January 18 and 26, 2009, and by exposing him to harsh and unwarranted conditions while he was restrained in the chair; |
| Claim 2 | Defendants subjected him to taunting, racial slurs, and verbal harassment; |
| Claim 3 | Defendants were deliberately indifferent to his health care (*i.e.* "nourishment") needs when they denied him two adequate meals on January 18, 2009, and denied him water and one meal on January 26, 2009; and, |
| Claim 4 | When he complained about his conditions of confinement, Defendants Coleman and Henretty retaliated against him by filing false misconduct reports. |

**B.     Standards Of Review**

   **1.     *Pro se* pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 647 (7th Cir. 1992); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is

a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by Plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, No. 07-cv-528, 2008 WL 482469 at *1 (D.Del. Feb. 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 (internal quotations omitted).

Recently, the United States Court of Appeals for the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11 (3d Cir. 2009) (internal quotations and citations omitted) (emphasis added).

### C. Discussion

#### 1. Defendant Beard

Defendants move to dismiss Defendant Beard from this action because Plaintiff has failed to allege Beard's personal involvement in this case. Defendant Beard is the Secretary of the Pennsylvania Department of Corrections.

The United States Court of Appeals for the Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citations omitted). When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Although a supervisor cannot encourage constitutional violations, he or she has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. The supervisor must be personally involved in the alleged misconduct. Evancho, 423 F.3d at 353 ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."). Importantly, § 1983 liability cannot be predicated solely on *respondeat superior*. Evancho, 423 F.3d at 353, quoting Rode, 845 F.2d at 1207.

Plaintiff brings suit against Defendant Beard solely on the basis that he "is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including SCI-Forest." [ECF No. 8, ¶ 41.] Even accepting Plaintiff's allegations to be true, they are insufficient as a matter of law to render Defendant Beard liable. Plaintiff does not allege Beard's personal involvement in the challenged conduct and his allegations are insufficient to state a cognizable claim under § 1983 against him.

Accordingly, the Defendants' motion to dismiss should be granted as to Defendant Beard and he should be dismissed from this case.

### 2. **Denial Of Nourishment**

Plaintiff claims that he was subjected to cruel and unusual punishment because Defendants were deliberately indifferent to his health care (*i.e.* "nourishment") needs, in violation of the Eighth Amendment, when he was denied two adequate meals on January 18, 2009, and one meal on January 26, 2009. He also alleges he was denied water while he was in the restraint chair on January 26, 2009. Defendants move to have this claim dismissed because the facts as alleged do not state a cognizable claim under the Eighth Amendment.

"The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.'" Tillman v. Lebanon County Corr. Fac., 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976). In order to

establish an Eighth Amendment claim, a plaintiff must first prove "a sufficiently serious objective deprivation."  Id. at 418.  This objective component is narrowly defined.  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  A prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need."  Wilson v. Seiter, 501 U.S. 294 (1991) citing Rhodes, 452 U.S. at 347.  These needs include "food, clothing, shelter, sanitation, medical care and personal safety."  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  Whether the required showing has been made depends on a number of factors including the extent of any injury actually incurred.  Lane v. Culp, No. 05-576, 2007 WL 954101, at *5 (W.D.Pa. Mar. 28, 2007) citing Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir. 1988).

In addition to meeting the objective standard of deprivation, a Plaintiff seeking to establish an Eighth Amendment claim must demonstrate that "a prison official subjectively acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference."  Tillman, 221 F.3d at 418.  This subjective component is also narrowly construed.  A defendant's conduct violates the Eighth Amendment "only if he knows that the inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'"  Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) quoting Wilson, which quoted Rhodes.  "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation."  Id.

Plaintiff's allegations, even if true, do not establish an Eighth Amendment violation.  He was not denied food on January 18, 2009.  Rather, he chose not to eat the food offered because it

8

was wet.  He claims that he was denied another meal eight days later, on January 26, 2009, and that on that same day he was denied water while he was in the restraint chair.  All of his allegations taken together are not sufficient to constitute cruel and unusual punishment.  Plaintiff has not alleged a continuous or a substantial denial of food or water, nor does he contend that he suffered any ill effects from missing any meal or being denied water while in the restraint chair.  Ford v. Brd. of Mgrs of New Jersey State Prison, 407 F.2d 937, 939-40 (3d Cir. 1969) (no Eighth Amendment claim where prisoner fed four slices of bread and one pint of water three times a day with a full meal every three days); Veteto v. Miller, 829 F. Supp. 1486 (M.D. Pa. 1992) (noting the Constitution does not guarantee specific amounts of food and dismissing plaintiff's claim because the complaint did not contain allegations that the inmate "went hungry" and therefore he could show neither deliberate indifference by prison officials nor could he show that he suffered a denial of a basic, identifiable human necessity); Briggs v. Heidlebaugh, No. 96-3884, 1997 WL 318081, at *3 (E. D. Pa. May 22, 1997) (feeding inmate nothing but bread and cheese for seventy-two hours did not support an Eighth Amendment violation).

Accordingly, Defendants' motion to dismiss Plaintiff's claim that they were deliberately indifferent to his health care (*i.e.* "nourishment") needs (Claim 3), should be granted.

### 3.  **Placement In the Restraint Chair**

Defendants move to dismiss Plaintiff's claim that he was subjected to excessive force by placing him in the restraint chair on January 18 and on 26, 2009, and by exposing him to harsh and unwarranted conditions while he was restrained in the chair.  They argue that "[i]t is only when prison personnel place an inmate into the restraint chair for no valid penological purpose that the 8th Amendment is implicated." [ECF No. 32 at 7, citing Fuentes v. Wagner, 206 F.3d 335, 345-46 (3d Cir. 2000).] Defendants then rely upon DVD recordings of the January 18 and 26, 2009, incidents, as well as additional documentation that they have attached to their brief, which they argue establishes that the complained-of actions did not violate Plaintiff's Eighth Amendment rights. [ECF No. 32 at 7-12.]

The Court may not consider the DVD recordings and documents outside the pleadings in

9

ruling upon a motion to dismiss, Fed.R.Civ.Pro. 12(d), so the Defendants request that their motion be converted into one for summary judgment. Rule 12(d) requires that before a court may convert a motion to dismiss into one for summary judgment, the plaintiff must be provided notice and be given the opportunity to present all the material that is pertinent to the motion. See, e.g., Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). When the Court ordered Plaintiff to respond to the pending motion, it did not notify him that it would convert the motion to dismiss into a motion for summary judgment [see ECF No. 33]. The Court does not deem it proper to convert the motion now since Plaintiff has not had the opportunity to present evidence in opposition to summary judgment. Carver v. Pryor, 115 F.App'x 532, 536-37 (3d Cir. 2004) ("[I]t is reversible error for a District Court to convert a motion to dismiss to a motion for summary judgment without notifying the parties and giving them an opportunity to present material to the court."). Therefore, anything not properly considered under the standards governing motions to dismiss will not be considered in disposing of this motion. Defendants may renew their request for summary judgment relief in accordance with the forthcoming Case Management Order, Federal Rule of Civil Procedure 56, and Local Rule 56.

Accordingly, Defendants' motion to dismiss Plaintiff's claim that he was subjected to cruel and unusual punishment when they placed him in the restraint chair on two occasions (Claim 1) should be denied.

### 4. Racial Harassment

Plaintiff alleges that Defendants Coleman and Henretty verbally harassed him when they served him the wet bagged meals. He also alleges that after Henretty served him a wet meal and he complained, Henretty and Defendants Benson, Bell, Samson, and Williams made "taunting remarks on the intercom[,] and stated 'nigger, nigger no more food for you' and 'you'd better eat up you still have six days of [food] loaf.'" ECF No. 41, ¶ 9. See also id. ¶¶ 11-13; ECF No. 8, ¶ 9. Defendants move to dismiss this claim because the allegations do not state a cognizable § 1983 claim.

Assuming Plaintiff's allegations claims are true, it is well-settled that mere verbal

10

harassment do not amount to a constitutional violation. See, e.g., Burkholder v. Newton, 116 F.App'x 358, 360 (3d Cir. 2004), citing Ramirez v. Holmes, 921 F.Supp. 204, 210 (S.D. N.Y. 1996); Patton v. Przybylski, 822 F.2d 697 (7th Cir. 1987) (holding that mere derogatory remarks do not make out a constitutional violation); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987) (explaining that verbal threats will not violate the Fourteenth Amendment unless accompanied by physical force or a present ability to effectuate them); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (ruling that "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"). See also Hawkins v. Brooks, 694 F.Supp.2d 434, 440-41 (W.D. Pa. 2010). Moreover, there is no violation of a constitutional right even if Defendants are alleged to have made a racially disparaging remark. Salley v. PA Dept. of Corr., 181 F.App'x 258, 266 (3d Cir. 2006) ("the use of racial slurs without accompanying harassment or deprivation of a right is not a violation of equal protection."), citing Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999). See also Morgan v. Ward, 699 F. Supp. 1025, 1055 (N.D. N.Y. 1988) (use of racial epithets do not support a claim under the Eighth Amendment); Williams v. Pecchio, 543 F. Supp. 878 (W.D. N.Y. 1982) (verbal harassment, including the use of racial slur, does not support a §1983 claim).

Accordingly, Defendants' motion to dismiss Plaintiff's claim that Defendants subjected him to taunting, racial slurs, and verbal harassment (Claim 2) should be granted.

### **5.** **Retaliation Claim**

Defendants argue that all Plaintiff offers is a "bare-bones" claim that he was issued a false misconduct and that "[m]ere allegations of falsified misconduct reports, without more, are not enough to state a due process claim" or an Eighth Amendment claim. [ECF No. 43 at 7-8.] Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports); Booth v. Pence, 354 F.Supp.2d 553, 559 (E.D. Pa.) (issuance of a false misconduct report does not constitute an Eighth Amendment violation), aff'd, 141 F.App'x 66 (3d Cir. 2005).

11

Contrary to Defendants' argument, Plaintiff is making more than a "bare-bones" allegation that false misconduct reports were issued against him. He alleges that Defendants Coleman and Henretty filed unwarranted misconduct reports in retaliation for his making complaints about his mistreatment. [ECF No. 41, ¶¶ 4-10, 19.] Under the required liberal reading of the amended complaint, Plaintiff's claim is that they took unjustified and adverse action against him because he exercised his constitutional right to grieve his mistreatment. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

The Court thus construes what Defendants have characterized as a simple due process and/or Eighth Amendment "false misconduct" claim to be, in reality, a retaliation claim. In order to state a prima facie case of retaliation, a prisoner must demonstrate: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and, 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him. Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001).[1] Defendants have not specifically

---

[1] Following the satisfaction of a prima facie case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. In evaluating a prison official's opinion, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

argued that Plaintiff has failed to allege facts sufficient to proceed with a retaliation claim.

For all of these reasons, Defendants' motion to dismiss Plaintiff's "false misconduct" claims should be denied and his retaliation claim (Claim 4) survives the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss Plaintiff's complaint or, in the alternative, for summary judgment [ECF No. 31 and No. 42] be:

– granted as to Defendant Jeffrey A. Beard and the Clerk of Courts should be directed to terminate him from this action;

– granted as to Claim 2 and Claim 3 and those claims should be dismissed;

– denied with respect to Claim 1 and Claim 4.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of serve to file written objection to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 26, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge