IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DERRICK L. KING, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 09-175 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL BARONE, et al., | ) | |
| Defendants. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 58] be granted. The Clerk of Courts should be directed to close this case.

## II. REPORT

### A. Relevant History

Plaintiff Derrick L. King is a state prisoner who at the time giving rise to this suit was incarcerated at the State Correctional Institution Forest ("SCI-Forest"), located in Marienville, Pennsylvania. In July 2009, he submitted for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 7.] The Court ordered him to file an amended complaint explaining the factual basis upon which he was bringing his claims because the original complaint did not explain what each defendant did. Thereafter, Plaintiff filed an amended complaint [ECF No. 8], in which he complained about two incidents, one on January 18, 2009, and the other on January 26, 2009, in which he was extracted from his cell and placed in a restraint chair. On April 5, 2010, Plaintiff filed another amended complaint [ECF No. 41], in which he supplemented the claims he made regarding being placed in the

1

restraint chair on January 18, 2009. He also raised a new claim that he was unlawfully retaliated against for complaining about his conditions of confinement. As Defendants to this action, Plaintiff named: Jeffery A. Beard, who was then the Secretary of the Department of Corrections; Michael C. Barone, who was then the Superintendent of SCI-Forest; Captain Repko; Officer Coleman; Officer Henretty; Officer Benson; R.N. Bell; Lt. Samson; Lt. Taylor; Officer Snyder; Sergeant Murin; Officer Gliar; Officer Wentez; Sergeant McKnight; Lt. Smith; Nurse Williams; and Nurse Douglas.

Defendants filed a motion to dismiss. [ECF Nos. 31-42.] On August 23, 2010, upon the undersigned's Report and Recommendation [ECF No. 44], the Court issued an Order [ECF No. 45] in which it granted in part and denied in part Defendants' motion. The motion was granted as to Defendant Beard and on two of Plaintiff's claims (that Defendants subjected him to taunting, racial slurs, and verbal harassment and that they were deliberately indifferent to his health care needs when they denied him two adequate meals on January 18, 2009, and denied him water and one meal on January 26, 2009).

After the Court issued its August 23, 2010, Order, the following claims remained in this action:

1. Defendants subjected Plaintiff to excessive force and were deliberately indifferent to his well-being by placing him in the restraint chair on January 18 and 26, 2009, and by exposing him to harsh and unwarranted conditions while he was restrained in the chair; and,

2. When Plaintiff complained about his conditions of confinement, Defendants Coleman and Henretty retaliated against him by filing false misconduct reports.

Defendants filed a motion for summary judgment on the excessive force portion of Plaintiff's first claim and on his second claim (the retaliation claim). They did not address the portion of his first claim in which he contends that they were deliberately indifferent to his serious medical needs while he was in the restraint chair.

On August 29, 2011, upon the undersigned's Report and Recommendation [ECF No. 55], the Court issued an Order [ECF No. 57], in which it granted Defendants' motion for summary judgment on

2

Plaintiff's excessive force and retaliation claims. The only remaining claim is Plaintiff's contention that Defendants were deliberately indifferent to his serious medical needs during the time that he was in the restraint chair on January 18 and on 26, 2009, and immediately thereafter. Presently pending is Defendants' motion for summary judgment on that claim. [ECF No. 58]. Accompanying that motion is Defendants' Brief In Support of Motion for Summary Judgment [ECF No. 59] and Concise Statement of Material Facts Not In Dispute ("CSMF") [ECF No. 60]. Plaintiff has filed a two-paragraph Declaration In Opposition To Defendants' Motion For Summary Judgment [ECF No. 63], in which he states, without explication, that there are "[g]enuine issues of material fact that preclude summary judgment[.]" Plaintiff also has filed a Brief In Support Of Motion Opposing Summary Judgment [ECF No. 64].

### B. Standard Of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence – more than a scintilla but less than a preponderance – which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (*i.e.*, depositions, answers to interrogatories

3

and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 381 F.App'x 211, 213 (3d Cir. 2010), quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007). Importantly, however, in a case such as this one where there are video recordings of the incidents in question, the Court need not adopt the non-movant's version of the facts if the recording "blatantly contradict[s]" the non-movant's version "so that no reasonable jury could believe it." Scott v. Harris, 550 U.S. 372, 380 (2007).

Because Plaintiff is proceeding *pro se*, the Court is required to liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, this does not require the Court to credit his "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Thus, for example, the mere allegation by Plaintiff that he suffered from a serious medical need or that Defendants were deliberately indifferent to that need is insufficient to establish that there is a genuine issue of material fact. Rather, the allegation must be supported by evidence, which the Court will evaluate under the standard described above to determine if there is merit beyond mere conclusions.

4

## C. Discussion

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also arise "when a delay in or denial of requested medical treatment causes an inmate to suffer a lifelong handicap or permanent loss." Peterson v. Achebe, No. 04-3310, 2007 WL 1381753, at * 3 (D.N.J. May 9, 2007), citing Lanzaro, 834 F.2d at 347.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, No. 99-5616, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention

5

and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977).

Each of Plaintiff's cell extractions was recorded and Defendants have submitted those video recordings into evidence. They contend that when those recordings are considered together with the documentary evidence, there can be no dispute that on each occasion at issue Defendants were not deliberately indifferent to Plaintiff's serious medical needs. The Court agrees.

### (1) The January 18, 2009, Incident

On January 18, 2009, Plaintiff was housed in the psychiatric observation cell. The guards placed him in the restraint chair because he was spreading feces on his cell wall, window, and in-cell camera. When he was being delivered his medication, he stuck his arm out of the food aperture and refused all orders to remove it. Later, he broke the sprinkler head in his cell. [ECF No. 31-1 at 6, Defs' Ex. D, DC-121 Part #2 Form, Extraordinary Occurrence Report ("EOR"), January 18, 2009, at 2].

Plaintiff was placed in the restraint chair on January 18, 2009, at approximately 8:05 P.M. and was removed from the chair around 4:00 A.M. the next morning. The videotape that Defendants have submitted shows that the cell extraction team conducted a verbal strip search, brought Plaintiff out of the cell (Bed # 3D 1005-01), and placed him in the restraint chair. Plaintiff remained calm at all times, as did all members of the extraction team. This Court determined in its August 29, 2011, Opinion [ECF No. 57], that there was no evidence whatsoever of excessive force. After Plaintiff had been strapped in the chair, Defendant Williams, a nurse, examined him and confirmed that the circulation was good in all

four of Plaintiff's extremities.  The guards then placed Plaintiff, who was in the restraint chair, in a different and clean cell (Bed # 3D 1004-01).  At the end of the video recording, Defendant Williams again confirms that the circulation in Plaintiff's extremities was good and that there were no visible injuries on him.

Defendants have submitted the DC-457, Medical Incident/Injury Report Form concerning the January 18, 2009, incident.  [ECF No. 61-1 at 2, Ex. A to Defs' CSMF].  Williams wrote in the "Initial Impression Illness/Injury" section of the form that:  "All four extremities good circulation .... No apparent injuries to inmate during extraction & chair.  No TX [treatment] required."  Williams also noted that Plaintiff's capillary refill and pulse were fine.  [ECF No. 61-1 at 2, Ex. A to Defs' CSMF].

Defendants' evidence also demonstrates that R.N. Susan Schukart checked on Plaintiff several times throughout the night.  At 10:20 P.M., she recorded:  "Dr. Moll notified of the events that occurred during the day and the fact that Inmate King is currently in the restraint chair.  Notification by RN Williams.  No new orders received.  Continue to monitor via policy."  At 11:45 P.M., Schukart wrote: "Inmate resting in chair no signs of problems noted.  Continue to monitor."  Approximately 20 minutes later, at 12:05 A.M., Schukart noted that Plaintiff declined an offer to exercise and that he "appeared to be resting well – no distress noted."  At 1:55 A.M., she recorded that Plaintiff "exercised all 4 extremities," that his shoulder straps were adjusted, and that she checked his pulse and capillary refill. "Both were fine."  At 4:20 A.M., she wrote:  "Inmate King was removed from the restraint chair by the extraction team.  Inmate complied with all orders.  No injuries noted.  Inmate reports cramping of [left] leg.  No other problems noted.  Inmate reports 'I'm good.'  Continue to monitor."  Schukart wrote at 5:30 A.M. that Plaintiff was standing at his cell door and "no distress noted."  Another nurse took over, and she wrote at 9:00 A.M. that Plaintiff was sitting on his bed and had voiced no complaints.  [ECF No. 61-1 at 4-5, Ex. A to Defs' CSMF].

7

Defendants also have submitted Plaintiff's Psychiatric Observation Monitoring Forms regarding the January 18, 2009, incident. Nothing in this document indicates that Plaintiff experienced any serious medical need during or following the incident. [ECF No. 16-1 at 12-14, Ex. E to Defs' CSMF].

### (2) The January 26, 2009, Incident

Plaintiff was placed in the restraint chair again on January 26, 2009. In that day's EOR, Captain Repko wrote that "at 1500 [Plaintiff] began standing on his sink, pounding on the ceiling and windows in an attempt to destroy his cell." [ECF No. 31-1 at 56, Defs' Ex. H, DC-121 Part #2 Form, EOR, January 26, 2009, at 2.] At the misconduct hearing held regarding the incident, Plaintiff admitted to the Hearing Examiner that he was beating on his toilet (he claimed that he was doing it to keep time with the singing of another inmate). [ECF No. 31-1 at 99, Defs' Ex. I, Misconduct # 391585 Paperwork, at 2.]

The videotape of that day shows that Plaintiff was demonstrating highly agitated behavior prior to his cell extraction. For approximately 30 minutes he yelled and made verbal threats and insults at the Corrections Officer who had been dispatched to the psychiatric observation wing to videotape him while the cell extraction team was being assembled.

Plaintiff was physically calm as he was extracted from his cell and then strapped into the chair, but he did continue to swear and verbally threaten members of the extraction team and Defendant Williams. This Court determined in its August 29, 2011, Opinion [ECF No. 57], that there was no evidence whatsoever of excessive force. After Plaintiff had been strapped in the chair, Defendant Williams examined him and confirmed that the circulation was good in all four of his extremities. The guards then placed Plaintiff, in the restraint chair, back into his cell. At the end of the video recording, Defendant Williams again confirms that the circulation in Plaintiff's extremities was good and that there were no visible injuries on him.

8

Defendants have submitted the DC-457, Medical Incident/Injury Report Form concerning the January 26, 2009, incident. [ECF No. 61-1 at 7, Ex. C to Defs' CSMF]. Williams wrote in the "Initial Impression Illness/Injury" section of that form that: "No injuries sustained to inmate during extraction – inmate cooperated and cuffed in compliance with orders. Good circulation to all four extremities. No treatment." Williams also noted that Plaintiff's capillary refill and pulse were fine. [ECF No. 61-1 at 2, Ex. A to Defs' CSMF].

Defendants' evidence establishes that Plaintiff was in the chair on January 26, 2009, for four hours and forty-three minutes. During that time, Plaintiff accepted the offers to exercise his limbs. The EOR notes that Plaintiff "was exercised and fed at 1820 then exercised again at 2015." [ECF No. 31-1 at 56, Defs' Ex. H, DC-121 Part #2 Form, EOR, January 26, 2009, at 2]. Williams checked on Plaintiff two times while he was in the chair – once at 6:50 P.M. and again at 8:20 P.M. He noted that Plaintiff's pulse and capillary refill were fine. When Plaintiff complained that his shoulder straps were too tight, the straps were loosened by security staff. Williams continued to look after Plaintiff once he was removed from the chair. At 9:05 P.M., Williams observed that Plaintiff had been removed from the restraint chair and that he had no injuries. He again noted that Plaintiff's capillary refill and pulse were fine, as was the circulation in all four extremities. [ECF No. 61-1 at 9-10, Ex. D to Defs' CSMF].

Defendants also have submitted Plaintiff's Psychiatric Observation Monitoring Forms regarding the January 26, 2009, incident. Nothing in this document indicates that Plaintiff experienced any serious medical need during or following the incident. [ECF No. 16-1 at 16-17, Ex. F to Defs' CSMF].

### (3) Analysis

By presenting the above-cited evidence to the Court, Defendants have satisfied their initial burden of proving the absence of evidence supporting Plaintiff's claim. They have put forward evidence

9

to show that Plaintiff did not suffer from a serious medical need on either January 18, 2009, or January 26, 2009. They have also put forward evidence to show that Defendants were in no way deliberately indifferent to Plaintiff's medical needs, serious or otherwise, while he was in the chair on both dates, and after he was removed from the chair.

The burden now shifts to Plaintiff to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). He has not met that burden. Instead, he sets forth unsubstantiated allegations and repeats his contentions that he was subjected to excessive force – which is a claim upon which the Court has already granted summary judgment in favor of Defendants. Plaintiff also relies upon an affidavit submitted by fellow inmate Bryan Perez-Rivera [ECF No. 37 at 2-5], in which Perez-Rivera states that during the January 26, 2009, incident, the guards had pulled the restraint straps so tight that Plaintiff may have momentarily passed out, but then he "took a deep breath and lifted his head up." [Id. at 3]. Plaintiff relied on this evidence to support his excessive force claim, which has already been dismissed from this action. It does not create a material issue of fact on the claim at issue in this motion.

In sum, Defendants have satisfied their burden of showing that there is no genuine issue of material fact as to whether they were deliberately indifferent to Plaintiff's serious medical needs during the time he was in the restraint chair on January 18, 2009, and January 26, 2009, and during the time immediately following each incident. Accordingly, summary judgment should be entered in favor of Defendants on Plaintiff's remaining Eighth Amendment claim and this case should be closed.

### III. CONCLUSION

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 58] be granted and that this case be closed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 19, 2012

cc: The Honorable Sean J. McLaughlin

Notice by ECF to counsel of record for Defendants and by U.S. Mail to:

Derrick L. King
GK1142
SCI Dallas
Drawer K, Follies Road
Dallas, PA 18612-0286